**WILLOW SCHOOL DISTRICT NO. 5,** Bottineau, North Dakota, a political subdivision of the State of North Dakota, Appellant,

v.

**BOTTINEAU COUNTY,** a political subdivision of the State of North Dakota; and the Board of County Commissioners of said Bottineau County, State of North Dakota, Respondents.

No. 7781.

Supreme Court of North Dakota.

Oct. 30, 1958.

Paul Campbell, Minot, attorney for appellant.

A. S. Benson, Bottineau, State's Atty., of Bottineau County for respondents.

MORRIS, Judge.

Twenty-seven electors of certain specified and described territory petitioned the board of county commissioners of Bottineau County for the annexation of that territory to Willow City Special School District No. 13, the territory being contiguous to that district. The petition was filed with the county auditor of Bottineau County on December 5, 1956. It was then sent to the State Committee for the Reorganization of School Districts. This committee is provided for by Chapter 15–53, 1957 Supplement to Compiled Laws. Thereafter the state committee returned the petition with a notice of approval thereof dated January 10, 1957.

On February 5, 1957 a notice was issued by order of the board of county commissioners over the signature of its chairman giving notice that a hearing on the petition would be held March 8, 1957 at ten o'clock in the forenoon. This notice was posted as provided by Section 15–2715 NDRC 1943 and also published on February 6 and 13, 1957 in the Bottineau Courant, a legal newspaper of general circulation published in the county seat of Bottineau County. A hearing was held pursuant to this notice, following which the board of county commissioners issued an order detaching the territory described in the petition from Willow School District No. 5 and attaching it to Willow City Special School District No. 13 and approving the petition in all things.

Willow School District No. 5 appealed from the order of the board of county commissioners to the district court of Bottineau County. A trial was had in the district court which resulted in an order dismissing that appeal. Willow School District No. 5 then appealed to this court from the order of the district court dismissing the appeal and the matter is submitted to us for review on the merits.

Before we consider the contentions of counsel a brief reference to statutes bearing upon the situation is appropriate. Chapter 15–27 NDRC 1943 consists of statutes dealing with the organization, dissolution and changing of boundaries of special school districts. Section 15–2714 provides that territory contiguous to a special school district may be attached to the special district and detached from the district of which it is a part by the board of county commissioners upon the written application of two-thirds of the electors of such contiguous territory after a hearing. Section 15–2716 places certain limi-

tations on the power of annexation based upon the assessed valuation of the territory of the original district remaining after a proposed detachment, a matter which does not concern us here. It will be noted that under the statutes above cited the power to detach contiguous territory and attach it to a special school district is vested in the board of county commissioners.

It is the contention of the appellant that the statutes under consideration and under which the board of county commissioners acted in this case were impliedly repealed by the enactment of Chapter 147, Session Laws N.D.1947 (Chapter 15–53 1949 Supplement to NDRC 1943) which was in turn repealed by Chapter 142, Session Laws N.D.1953 (Chapter 15–53 1957 Supplement to NDRC 1943). It is argued that the board of county commissioners either had no power to act at all upon a petition to attach property to a special school district or if they did have such power it could not be exercised until the petition was approved by the state committee and the county committee provided by Chapter 142, Session Laws N.D.1953. In this case the petition was approved by the state committee but was not submitted to or acted upon by the county committee of Bottineau County.

■ First addressing ourselves to the question of the repeal of Chapter 15–27 NDRC 1943 by the enactment of Chapter 147, Session Laws N.D.1947 we note that Chapter 15–27 deals with the organization, dissolution, attachment and detachment of territory of special school districts. Chapter 147, Session Laws N.D.1947 states in its title that it is an act:

"Relating to schools; defining terms; providing for state committee and county committees for the reorganization of school districts; defining the powers and duties of county committees and state committee; providing for school boards in reorganized school districts; prescribing duties of state and county officers; providing for appeals; making an appropriation; and providing for a saving clause."

It contains no repeal clause. While it sets up an organization consisting chiefly of a state committee and county committees designed to accomplish the purposes expressed in the title it does not purport to destroy the power of a board of county commissioners to attach contiguous territory to a special school district pursuant to the provisions of Chapter 15–27 NDRC 1943. Section 24 of the 1947 act recognizes this power of the county commissioners by providing that proposals for the alteration of boundaries of established school districts:

"through or by any of the means provided for by any law in effect at the time, must be submitted by the board of county commissioners, or the county superintendent, as the case may be, to the county committee and to the state committee for approval before any hearings on petitions are held by the board of county commissioners or the county superintendent,".

It is clear to us that this statute did not abolish the power vested in the board of county commissioners under the provisions of Chapter 15–27 NDRC 1943, but it did add the requirement that the petition must receive the approval of the county committee and the state committee before a hearing was held thereon by the board of county commissioners.

■ We now reach the appellant's contention that in this case the petition was never submitted to the county committee of Bottineau County and that this omission is fatal to the validity of the order of the board. This contention would have had merit had the law enacted in 1947 remained unchanged. But by Chapter 142, Session Laws N.D.1953 the legislature specifically repealed the 1947 act and wrote a new law.

Section 21 of the 1953 act deals with the same matters that were covered by Section

24 of the 1947 law but the prescribed procedure is different. Section 21 now states that proposals for the alteration of the boundaries of established districts:

"through or by any of the means provided for by any law in effect at the time, must be submitted by the board of county commissioners, and the county superintendent, or the county committee and county superintendent, as the case may be, to the state committee for approval before any hearings on petitions are held by the board of county commissioners or the county superintendent, * * *".

The former requirement of the submission of a petition to the county committee was omitted.

It is clear that the petitions containing proposals for the alteration of boundaries of school districts under the provisions of Section 15–2714 NDRC 1943 need no longer be submitted to the county committee. Submission to and approval by the state committee is sufficient to give the board of county commissioners jurisdiction and power to proceed with a hearing upon proper notice and act accordingly. In this case the provisions of Section 21 of Chapter 142, Session Laws N.D.1953 have been complied with and the board of county commissioners of Bottineau County had the power to hold a hearing and enter the order appealed from.

The appellant further argues that if the board of county commissioners had jurisdiction of the matter and power to hold a hearing and pass upon the petition the action of the board was nevertheless fraudulent, arbitrary, unjust and unreasonable. This contention is without the slightest merit. The evidence shows that the territory described in the petition is contiguous to Willow City Special School District No. 13. There were thirty electors of that territory. Twenty-seven of them signed the petition. There is no contention that the part of the original district remaining after the annexation had an assessed valuation below the minimum provided by statute. Sections 15–2714 and 15–2716 NDRC 1943. The annexation has been approved by the state committee. Section 21 Chapter 142 Session Laws N.D.1953; Section 15–5321 1957 Supplement to NDRC 1943. Thus all the requirements for annexation have been met.

The record before us consists of documentary evidence and stipulations of the parties. There is no oral testimony. We find in this record no evidence supporting the contention that the action of the board was fraudulent, arbitrary, unjust or unreasonable or in disregard of the best interests of the territories affected. The trial court determined that the appeal should be dismissed. We agree with that determination. The order appealed from is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.